

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-15-2008

# Briceno Rodriguez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4748

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Briceno Rodriguez v. Atty Gen USA" (2008). *2008 Decisions*. Paper 362.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/362

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4748
_____

JULIAN ANDRES BRICENO RODRIGUEZ,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____  _____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A97-703-754)
Immigration Judge: Honorable Andrew Arthur
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 15, 2008
Before: BARRY, SMITH and HARDIMAN, Circuit Judges

(Opinion Filed: October 15, 2008)
_____

OPINION
_____

PER CURIAM

Julian Andres Briceno Rodriguez petitions for review of an order of the Board of

Immigration Appeals ("BIA") dismissing his appeal from an order of the Immigration

Judge ("IJ") denying his motion to reopen his removal proceeding. For the following

reasons, we will deny the petition for review.

I.

Petitioner is a native and citizen of Colombia. He arrived in the United States on a tourist visa with permission to remain until December 2001. Petitioner overstayed, and was placed in removal proceedings on that basis in 2007.

On May 22, 2007, petitioner, represented by counsel, appeared before the IJ and conceded removability. Petitioner had not at that point applied for asylum or any other form of relief. At the hearing, the IJ asked petitioner's counsel what forms of relief he was seeking. Petitioner's counsel responded that "my client doesn't have any obvious forms of immigration relief," and explained that petitioner sought only permission to voluntarily depart by August 7, 2007. (A.116.) Petitioner's counsel further explained that petitioner would voluntarily depart to Colombia but first wanted some time to put his affairs in order and obtain certain paperwork that he believed would prevent his conscription into the Colombian army before leaving the country. The IJ then questioned petitioner directly. Petitioner testified that he was willing to voluntarily depart because he "will have time to fix whatever things I have to do outside. And with that being said, then I will go home because also, I will like to see my family." (A.126.) The IJ granted petitioner's request and ordered him to voluntarily depart by August 7.

On August 15, still in this country and represented by different counsel, petitioner filed a motion to reopen with the IJ. Petitioner asserted that he now wanted to apply for

2

asylum, withholding of removal and relief under the Convention Against Torture ("CAT"), and argued that the IJ had failed to advise him that he could apply for such relief. Petitioner asserted that he feared Colombian guerillas would kill or kidnap him on return because he previously attended military school and his father is a police officer. Petitioner did not argue that his fear was brought about by any changed country conditions. The IJ denied petitioner's motion, and the BIA affirmed.

II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review the BIA's dismissal of petitioner's appeal from the IJ's denial of his motion to reopen. See Rranci v. Att'y Gen., – F.3d –, No. 06-3327, 2008 WL 3876591, at *3 (3d Cir. Aug. 22, 2008). Because the BIA issued its own opinion, we review the BIA's decision rather than that of the IJ. See id. We review the BIA's ruling for abuse of discretion, and will disturb it "only if it was 'arbitrary, irrational, or contrary to law.'" Id. (citation omitted). In applying that standard, we review legal conclusions de novo and review factual determinations for substantial evidence. See id.

Petitioner argued before the BIA, as he does here, that his proceeding should be opened to allow him to apply for asylum, withholding of removal and relief under CAT because (1) he has shown prima facie eligibility for relief and (2) the IJ's failure to explain his opportunity to apply for such relief left him "not able to explore the possibilities of such relief" and that he thus "has not yet been afforded the opportunity" to

3

present his claims. The BIA did not address whether petitioner had established a prima facie case. Instead, it denied the motion on the ground that, under the circumstances, the IJ did not have a duty to inform petitioner that he could apply for other forms of relief. We agree both that the IJ had no such duty, see 8 C.F.R. § 1240.11(c)(1), and that this rationale was an adequate basis on which to deny reopening, see Korytnyuk v. Ashcroft, 396 F.3d 272, 282 (3d Cir. 2005) (explaining that BIA may deny reopening when, inter alia, the petitioner either has not established a prima facie case or "'has not reasonably explained his failure to apply for asylum initially'") (quoting INS v. Abudu, 485 U.S. 94, 105 (1988)).[1]

As the BIA explained, the applicable regulation requires IJs to "[a]dvise the alien that he or she may apply for asylum in the United States or withholding of removal," but only, inter alia, "[if] the alien expresses fear of persecution or harm upon return to any of the countries to which the alien might be removed." 8 C.F.R. § 1240.11(c)(1). The BIA properly determined that neither petitioner nor his counsel said anything before the IJ

---

[1] The BIA characterized petitioner's argument as one that the IJ had denied him due process. Petitioner himself, however, did not make that argument before the BIA and has not made it here. Instead, he mentions only the regulation requiring IJs to inform petitioners of potentially-available relief under certain circumstances, and sets forth the IJ's failure to do so merely by way of attempting to explain his own failure to apply for relief before the IJ. Nevertheless, we note that "there is no constitutional right to be informed of possible eligibility for discretionary relief," Bonhometre v. Gonzales, 414 F.3d 442, 448 n.9 (3d Cir. 2005), and that there was nothing in the record before the IJ that might have required him, as a constitutional matter, to inform petitioner that he could apply for withholding of removal or relief under CAT, see id. at 449.

4

remotely suggesting that petitioner feared persecution or harm if he returned to Colombia. Quite to the contrary, counsel informed the IJ that petitioner had "no obvious forms of immigration relief" and wanted to return to Colombia voluntarily. Petitioner himself informed the IJ that he wanted to voluntarily return after putting his affairs in order so that he could see his family. Under these circumstances, we agree that the IJ did not have a duty to inform petitioner that he could apply for other forms of relief. Accordingly, the BIA's dismissal of petitioner's appeal was not arbitrary, capricious, or contrary to law, and his petition for review will be denied.[2]

---

[2] The BIA also held that petitioner's former counsel had not rendered ineffective assistance. Petitioner has expressly disclaimed reliance on that theory in his brief before this Court (as he had before the BIA), so we do not address that issue.